# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| BLAINE RYAN OWENSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:17-03323-CV-RK |
| | ) | |
| | ) | |
| NANCY A. BERRYHILL, ACTING | ) | |
| COMMISSIONER, SOCIAL | ) | |
| SECURITY ADMINISTRATION; | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: obesity; chronic back pain; osteoarthritis; diabetes; neuropathy; obstructive sleep apnea; and asthma. The ALJ determined that Plaintiff's hypertension and history of pancreatitis are non-severe. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations: Plaintiff can occasionally stoop; cannot climb ladders, ropes, or scaffolds; must avoid concentrated exposure to pulmonary irritants, extreme temperatures, and high levels of humidity. Although the ALJ found that Plaintiff was unable to perform any past relevant work, the ALJ determined that Plaintiff was not disabled, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

On appeal, Plaintiff argues the ALJ did not properly rule on Plaintiff's post-hearing objection that was submitted after the hearing but before the ALJ rendered his decision. The nature of Plaintiff's objection is that the vocational expert's testimony as to the jobs Plaintiff could perform was based on data housed in the Dictionary of Occupational Titles ("DOT"), which Plaintiff argues is outdated and obsolete. Pursuant to the HALLEX I-2-6-74, the ALJ must rule on any objections a party brings, and "the ALJ may address the objection(s) on the record during the hearing, in narrative form as a separate exhibit, or in the body of his or her decision."

Plaintiff first argues the ALJ's decision does not explicitly provide a ruling on Plaintiff's specific objection; however, substantial evidence exists in the record to demonstrate that the ALJ considered and ruled on Plaintiff's objection because the ALJ addressed Plaintiff's objection in the body of his decision. *See* (Doc. 9-3 at 12) ("The undersigned overrules the claimant's objections to the vocational expert testimony and qualifications . . . finds that the vocational expert is qualified . . . finds that the vocational expert's testimony and cited sources used in combination with his professional training are accepted in accordance with SSR 00-4p."). *See also Offield v. Colvin*:

> Plaintiff's counsel acknowledged in a post-hearing memorandum that the ALJ had already overruled the objection, and plaintiff's attorney renewed the objection in that post-hearing brief. The ALJ thereafter issued her opinion relying on the testimony of the vocational expert. There can be no other conclusion but that the ALJ considered the plaintiff's challenge and rejected it. The fact that such an obvious conclusion was not put in writing in the ALJ's opinion, when the law in this circuit does not require that the ALJ discuss every piece of evidence submitted, is not a reasonable ground for remand.

2016 WL 223716, at *17 (W.D. Mo. Jan. 19, 2016). *See also Brault v. Social Sec. Admin., Com'r*, 683 F.3d 443, 448 (2nd Cir. 2012) ("Assuming the ALJ had to consider Brault's objection to the VE's testimony, we are satisfied that he did so. There is no requirement that the ALJ discuss his specific analysis of it.").

Second, Plaintiff's objection attacks the vocational expert's testimony because the testimony was supported by data provided by the DOT. Despite Plaintiff's argument, the Code of Federal Regulations provides that the DOT is a reliable source of job information.

> When we determine that unskilled, sedentary, light, and medium jobs exist in the national economy (in significant numbers either in the region where you live or in several regions of the country), we will take administrative notice of reliable job information available from various governmental and other publications . . . [including] Dictionary of Occupational Titles, published by the Department of Labor.

20 C.F.R. § 404.1566(d)(1). *See also Peters v. Berryhill*, 2018 WL 1858159, at *4 (E.D. Mo. Apr. 18, 2018) ("Plaintiff offers various SSA studies and reports suggesting that those DOT job titled might be obsolete [] [h]owever, the Court "must apply the law as written") (citation omitted); *Prodes v. Astrue*, 2011 WL 903044, at *10 (E.D. Mo. Mar. 15, 2011) (although the plaintiff presented a letter from the Department of Labor stating the DOT was obsolete, the vocational expert's reliance on the DOT was not in error); *Purdy v. Berryhill*, 887 F.3d 7, 17 n. 10 (1st Cir. 2018) ("[t]he DOT, which has not been updated since 1991, has been criticized by some as obsolete . . . [n]evertheless, the Social Security Administration continues to treat the DOT as the primary source of job data and takes administrative notice of its contents") (internal citations and internal quotation marks omitted). Accordingly, there is substantial evidence in the record to support the ALJ's consideration and decision to overrule Plaintiff's objection.

3

**Conclusion**

Having carefully reviewed the record before the Court and the parties' submissions, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision. **IT IS THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

                                                  s/ Roseann A. Ketchmark
                                                  ROSEANN A. KETCHMARK, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED:  March 14, 2019